KARL S. HALL
Reno City Attorney
MARK A. HUGHS
Deputy City Attorney
Nevada State Bar No. 5375
Post Office Box 1900
Reno, Nevada 89505
(775) 334-2050
*Attorneys for City of Reno*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* ◊ \* \*

| | |
|---|---|
| MARY SPETH, as trustee of the THERESA FRISCH TRUST, <br><br> Plaintiff, <br> vs. <br><br> THE CITY OF RENO, a political subdivision of the State of Nevada <br><br> Defendants.    / | **CASE NO.: 3:23-cv-00396-MMD-CLB** <br><br> **ANSWER TO VERIFIED COMPLAINT** <br><br> **JURY DEMAND** |

Defendant City of Reno, by and through its attorneys, Reno City Attorney Karl S. Hall and Deputy City Attorney Mark Hughs, hereby respond, on Defendant's behalf only, to the allegations in Plaintiff's Verified Complaint (ECF #1 – hereafter, "Complaint"), by admitting, denying and averring as follows:

1. Defendant admits the allegations of paragraphs 5, 7, 12, 15, 19, 24, 25, 27, 28, 37, 39, 45, 47, 62, 66, and 68 of the Complaint.

2. Defendant denies each and every allegation contained in paragraphs 16, 22, 23, 26, 29, 31, 32, 34, 46, 48, 49, 50, 51, 52, 53, 54, 57, 58, 59, 60, 61, 63, 64, 67, 69, 70, 73, 74, 75, 76, 77, 78, 79 and 80 of the Complaint.

3.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 2, 3, 4, 6, 9, 10, 11, 13, 14, 18, 21, 33, 40, 41, 42, 43 and 55 of the Complaint and therefore denies the same.

4.     With regard to all parts of the Complaint alleged, or based, on (a) unstated, unknown or unascertainable information, (b) speculation, (c) vague or ambiguous assertions, (d) musings, (e) news and media reports/presentations, (f) unknown or unverifiable sources, (g) alleged quotations, (h) Plaintiff's characterizations, (i) the interpretations of statements, (j) assertions which are part of unstated thoughts, opinions or ideas, (k) compound and/or intermixed assertions, (l) amendment of the Complaint, (m) intentions, (n) potential future actions, (o) allegations made upon information or belief, (p) paragraphs which are not limited to a single set of circumstances as required by Fed. R. Civ. P. 10(b), making them unclear, (q) interpretation of the law and/or case law, (r) allegations for which inadequate context is provided, (s) disallowed claims, (t) hearsay, and/or (u) statements and/or allegations the Defendant does not understand, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies the same.[1]

5.     To the extent not indicated elsewhere in this Answer, Defendant denies all allegations of wrongdoing, liability and responsibility for damages.

6.     With regard to the allegations contained in paragraph 8 of the Complaint, Defendant admits the building on 247 Court Street is located on the northeast corner of Court Street and Arlington Avenue in Reno, Nevada. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint and therefore denies the same.

7.     With regard to the allegations contained in paragraphs 17 and 20 of the Complaint, Defendant admits that, at one time while discussing superseded circumstances, Defendant commented that changes and conditions would need to be met for the Kimpton project. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining

---

[1] Throughout the Complaint, "Plaintiffs" are referenced.

allegations contained in paragraphs 17 and 20 of the Complaint and therefore denies the same.

8. With regard to the allegations contained in paragraph 30 of the Complaint, Defendant admits that a letter dated May 22, 2023 informed the addressees service on the main serving Plaintiff's property was scheduled to discontinue September 1, 2023 and that property owners would need to realign their lateral and connect to a different main. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30 of the Complaint and therefore denies the same.

9. With regard to the allegations contained in paragraph 35 Defendant admits code sometimes requires proceedings for proposals to abandon some easements. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding notice to the Frisch house, and therefore denies the same. Defendant denies each and every remaining allegation contained in paragraph 35 of the Complaint.

10. With regard to the allegations contained in paragraph 36 of the Complaint, Defendant admits code section 12.16.3000 addresses termination of sewer service in certain circumstances in relation to storm water management. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 36 of the Complaint and therefore denies the same.

11. With regard to the allegations contained in paragraph 38 of the Complaint, Defendant admits open meeting law requires notice before eminent domain proceedings. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38 of the Complaint and therefore denies the same.

12. With regard to the allegations contained in paragraph 71 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what "Plaintiffs" request and therefore denies such allegations. Defendant denies each and every remaining allegation contained in paragraph 71.

13. In response to paragraphs 44, 56, 65 and 72 of the Complaint, Defendant incorporates and reasserts its responses to the paragraphs referenced therein.

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

**AFFIRMATIVE DEFENSES**

1. Defendant has not violated the United States and Nevada Constitutions, nor engaged in any taking of Plaintiff's property.

2. Plaintiff's claims are presented for an improper purpose and unwarranted under the law.

3. Defendants are immune from this action, and any liability alleged, pursuant to, among other authorities, the provisions of NRS Chapter 41 and the doctrine of qualified immunity.

4. Plaintiff fails to state a claim upon which relief can be granted.

5. Plaintiff failed to mitigate its damages, if any, which are thereby reduced or eliminated.

6. Plaintiff's alleged damages, if any, were caused by the conduct of independent, intervening or concurrent causes and third parties over which the Defendant had no influence or control. The Defendant is not responsible or liable for such causes and actions.

7. Any award of damages to Plaintiff from the Defendant, if any, is limited by the provisions of NRS 41.035.

8. Plaintiff may not recover punitive damages against Defendant pursuant to NRS 41.035 and the due process clauses of the United States and Nevada Constitutions.

9. All actions taken by the Defendant were reasonable, proper and justified, and therefore cannot form a basis for liability.

10. Plaintiff's claims are barred by the applicable statutes of limitations and repose.

11. No act or omission of the Defendant was a substantial factor in bringing about the damages and circumstances alleged by Plaintiff, nor was any act or omission a contributing cause thereof. Any alleged act or omission of the Defendant was superseded or preceded by the acts or omissions of others, which were the independent, intervening, legal and proximate cause of the damage alleged by Plaintiff.

12. Plaintiff is barred from recovering damages as its claims are speculative, and/or unsupported by substantial or reliable evidence.

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

13. The Defendant is entitled to Discretionary and Good Faith Immunity on all Plaintiff's claims.

14. The Defendant's actions were reasonable and made in compliance with all laws governing such actions. Therefore, no liability for violation of the law can exist.

15. The injuries, damages and adverse circumstances alleged in the Complaint, if any exist, were directly and proximately caused in whole or in part by the intentional and negligent acts and omissions of Plaintiff and its agents, for which the Defendant bears no liability.

Defendant reserves the right to amend this pleading to include any additional or further affirmative defenses as their bases become known and relevant, and to bring other related claims, including third-party claims, counterclaims and cross-claims.

Wherefore, Defendant prays:

1. For judgment in its favor on all claims and defenses of the parties;
2. For an award of all costs and attorney's fees incurred; and
3. For any additional or further relief this Court may deem just and proper.

DATED this 5th day of September, 2023.

KARL S. HALL
Reno City Attorney

By: /s/ Mark A. Hughs
MARK A. HUGHS
Deputy City Attorney
Nevada State Bar #5375
Post Office Box 1900
Reno, Nevada 89505
*Attorneys for City of Reno*

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of the RENO CITY ATTORNEY'S OFFICE, and that on this date, I am serving the foregoing document(s) on the party(s) set forth below by:

_____    Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices or;

_____    Personal delivery.

\_\_X\_\_    CMECF electronic service.

_____    Federal Express or other overnight delivery.

_____    Reno/Carson Messenger Service.

addressed as follows:

Luke Busby, Esq.
316 California Ave.
Reno, NV 89509
*Attorney for Plaintiff*

DATED this __5th__ day of September, 2023.

　　　　　　　　　　　　　　　　　　　　*/s/ Terri Strickland*
　　　　　　　　　　　　　　　　　　　　Terri Strickland
　　　　　　　　　　　　　　　　　　　　Legal Assistant