DARREN J. LEMIEUX, Nevada Bar No. 9615
LUCY C. CROW, Nevada Bar 15203
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One East Liberty Street, Suite 300
Reno, Nevada 89501
Tel:    775.823.2900
Fax:   775.823.2929
Email: DLemieux@lewisroca.com
          LCrow@lewisroca.com

*Attorneys for Intervenor*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARY SPETH, as trustee of the THERESA FRISCH TRUST,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF RENO, a political subdivision of the State of Nevada,<br><br>Defendant,<br><br>and<br><br>CAI RENO HOTEL PARTNERS LLC<br><br>Intervenor. | Case No.: 3:23-cv-396<br><br>**RENO HOTEL PARTNERS LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS AGAINST PLAINTIFF** |

Intervenor CAI Reno Hotel Partners LLC ("CAI") answers Plaintiff's Complaint (ECF No. 1) as set forth below. Any factual admission in the Answer is admitted only as to the specific fact asserted and not as to any conclusions, characterizations, or inferences drawn therefrom. Denial of any factual allegation is not an admission of the negative of such allegation. CAI denies each and every allegation not specifically admitted, qualified, or otherwise answered herein. CAI follows the format and organization of the Complaint solely for ease of reference; any assertion contained in any heading or other formatting of the Complaint is denied.

/ / /

/ / /

122309139.1

## JURISDICTION AND VENUE

1. The allegations in Paragraph 1 consist of legal arguments, to which no response is required. To the extent any response is required, CAI denies the allegations.

2. The allegations in Paragraph 2 consist of legal arguments, to which no response is required. To the extent any response is required, CAI denies the allegations.

3. The allegations in Paragraph 3 consist of legal arguments, to which no response is required. To the extent any response is required, CAI denies the allegations.

4. The allegations in Paragraph 4 consist of legal arguments, to which no response is required. To the extent any response is required, CAI denies the allegations.

## PARTIES

5. CAI admits that Theresa Frisch Trust is listed as the owner of real property located at 247 Court Street, Reno, Nevada (APN 011-112-11). CAI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5, and therefore denies them.

6. CAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and therefore denies them.

7. CAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and therefore denies them.

## ALLEGATIONS OF FACT

8. CAI admits that 247 Court Street is located on the northeast corner of Court Street and Arlington Avenue in Reno, Nevada. CAI also admits that Plaintiff refers to 247 Court Street as the "Frisch House." CAI lacks knowledge of information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8, and therefore denies them.

9. CAI lacks knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore denies them.

10. CAI lacks knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies them.

11. CAI lacks knowledge of information sufficient to form a belief as to the truth of the

1  allegations in Paragraph 11, and therefore denies them.

2      12.    CAI admits that an entity affiliated with CAI, CAI Investments LLC, and CAI intend to develop the properties located at 260 Island Avenue (APN 011-112-02), 0 Island Avenue (APN 011-112-03), 223 Court Street (APN 011-112-06), 0 Court Street (APN 011-112-07), and 219 Court Street (APN 011-112-12) (collectively, "CAI Property") into a Kimpton Hotel ("Kimpton" or "Reno Kimpton"). CAI also admits that the CAI Property neighbors 247 Court Street, and CAI, and CAI Investments LLC, are based in Las Vegas, Nevada. CAI lacks knowledge of information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12, and therefore denies them.

    13.    CAI admits the allegations in Paragraph 13.

    14.    CAI admits the allegations in Paragraph 14.

    15.    CAI admits the allegations in Paragraph 15.

    16.    CAI denies the allegations in Paragraph 16.

    17.    CAI admits that the City informed CAI of the need to submit a sewer realignment plan following an engineering assessment. CAI denies the remaining allegations in Paragraph 17.

    18.    CAI denies the allegations in Paragraph 18.

    19.    Paragraph 19 consists of legal arguments, to which no response is required.  To the extent any response is required, CAI denies the allegations.

    20.    CAI denies the allegations in Paragraph 20.

    21.    CAI denies the allegations in Paragraph 21.

    22.    CAI denies the allegations in Paragraph 22.

    23.    Paragraph 23 consists of legal arguments, to which no response is required.  To the extent any response is required, CAI denies the allegations.

    24.    CAI lacks knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore denies them.

    25.    CAI lacks knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies them.

    26.    CAI denies that the City "is executing the sewer work that CAI initially intended

1  and was required to complete according to the ALDC." The remaining allegations in Paragraph 26
2  consists of legal arguments, to which no response is required. To the extent any response is required
3  CAI lacks knowledge of information sufficient to form a belief as to the truth of the remaining
4  allegations in Paragraph 26, and therefore denies them.

5  27.    CAI lacks knowledge of information sufficient to form a belief as to the truth of the
6  allegations in Paragraph 27, and therefore denies them.

7  28.    CAI lacks knowledge of information sufficient to form a belief as to the truth of the
8  allegations in Paragraph 28, and therefore denies them.

9  29.    CAI lacks knowledge of information sufficient to form a belief as to the truth of the
10 allegations in Paragraph 29, and therefore denies them.

11 30.    CAI lacks knowledge of information sufficient to form a belief as to the truth of the
12 allegations in Paragraph 30, and therefore denies them.

13 31.    CAI lacks knowledge of information sufficient to form a belief as to the truth of the
14 allegations in Paragraph 31, and therefore denies them.

15 32.    CAI lacks knowledge of information sufficient to form a belief as to the truth of the
16 allegations in Paragraph 32, and therefore denies them.

17 33.    Paragraph 33 consists of legal arguments, to which no response is required.  To the
18 extent any response is required CAI lacks knowledge of information sufficient to form a belief as
19 to the truth of the remaining allegations in Paragraph 33, and therefore denies them.

20 34.    Paragraph 34 consists of legal arguments, to which no response is required.  To the
21 extent any response is required CAI lacks knowledge of information sufficient to form a belief as
22 to the truth of the remaining allegations in Paragraph 34, and therefore denies them.

23 35.    Paragraph 35 consists of legal arguments, to which no response is required.  To the
24 extent any response is required, CAI denies the allegations.

25 36.    Paragraph 36 consists of legal arguments, to which no response is required.  To the
26 extent any response is required, CAI denies the allegations.

27 37.    Paragraph 37 consists of legal arguments, to which no response is required.  To the
28 extent any response is required, CAI denies the allegations.

38. Paragraph 38 consists of legal arguments, to which no response is required. To the extent any response is required, CAI denies the allegations.

39. Paragraph 39 consists of legal arguments, to which no response is required. To the extent any response is required, CAI denies the allegations.

40. Paragraph 40 consists of legal arguments, to which no response is required. To the extent any response is required, CAI denies the allegations.

41. Paragraph 41 consists of legal arguments, to which no response is required. To the extent any response is required, CAI denies the allegations.

42. Paragraph 42 consists of legal arguments, to which no response is required. To the extent any response is required, CAI denies the allegations.

43. Paragraph 43 consists of legal arguments, to which no response is required. To the extent any response is required, CAI denies the allegations.

## FIRST CLAIM FOR RELIEF

*42 U.S.C. § 1983 – Violation of the Takings Clause of the Fifth Amendment*

44. Paragraph 44 is a general incorporation paragraph to which no response is required. To the extent a response is required, CAI incorporates its admissions, denials, and affirmative defenses herein.

45. Paragraph 45 consists of legal arguments, to which no response is required. To the extent any response is required, CAI denies the allegations.

46. The allegations in Paragraph 46 of the Complaint are directed at Defendant, and, therefore, no answer or other response from CAI is necessary or appropriate. To the extent the Court deems otherwise, CAI is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 46 directed at Defendant and, therefore, denies the same.

47. The allegations in Paragraph 47 of the Complaint are directed at Defendant, and, therefore, no answer or other response from CAI is necessary or appropriate. To the extent the Court deems otherwise, CAI is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 47 directed at Defendant and, therefore,

1  denies the same.

2  48.  The allegations in Paragraph 48 of the Complaint are directed at Defendant, and,
3  therefore, no answer or other response from CAI is necessary or appropriate. To the extent the
4  Court deems otherwise, CAI is without information or knowledge sufficient to form a belief as to
5  the truth or falsity of the allegations set forth in Paragraph 48 directed at Defendant and, therefore,
6  denies the same.

7  49.  Paragraph 49 consists of legal arguments, to which no response is required.  To the
8  extent any response is required, CAI denies the allegations.

9  50.  Paragraph 50 consists of legal arguments, to which no response is required.  To the
10 extent any response is required, CAI denies the allegations.

11 51.  Paragraph 51 consists of legal arguments, to which no response is required.  To the
12 extent any response is required, CAI denies the allegations.

13 52.  Paragraph 52 consists of legal arguments, to which no response is required.  To the
14 extent any response is required, CAI denies the allegations.

15 53.  Paragraph 53 consists of legal arguments, to which no response is required.  To the
16 extent any response is required, CAI denies the allegations.

17 54.  The allegations in Paragraph 54 call for a legal conclusion to which no response is
18 required. To the extent that the Court deems otherwise, CAI denies the allegations in Paragraph 54
19 of the Complaint, and specifically denies that Plaintiff is entitled to any relief requested in the
20 Complaint.

21 55.  The allegations in Paragraph 55 call for a legal conclusion to which no response is
22 required. To the extent that the Court deems otherwise, CAI denies the allegations in Paragraph 55
23 of the Complaint, and specifically denies that Plaintiff is entitled to any relief requested in the
24 Complaint.

### SECOND CLAIM FOR RELIEF

*Inverse Condemnation*

27 56.  Paragraph 56 is a general incorporation paragraph to which no response is required.
28 To the extent a response is required, CAI incorporates its admissions, denials, and affirmative

defenses herein.

57. Paragraph 57 consists of legal arguments, to which no response is required. To the extent any response is required, CAI denies the allegations.

58. Paragraph 58 consists of legal arguments, to which no response is required. To the extent any response is required, CAI denies the allegations.

59. Paragraph 59 consists of legal arguments, to which no response is required. To the extent any response is required, CAI denies the allegations.

60. Paragraph 60 consists of legal arguments, to which no response is required. To the extent any response is required, CAI denies the allegations.

61. Paragraph 61 consists of legal arguments, to which no response is required. To the extent any response is required, CAI denies the allegations.

62. The allegations in Paragraph 62 of the Complaint are directed at Defendant, and, therefore, no answer or other response from CAI is necessary or appropriate. To the extent the Court deems otherwise, CAI is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 62 directed at Defendant and, therefore, denies the same.

63. Paragraph 63 consists of legal arguments, to which no response is required. To the extent any response is required, CAI denies the allegations.

64. The allegations in Paragraph 64 call for a legal conclusion to which no response is required. To the extent that the Court deems otherwise, CAI denies the allegations in Paragraph 64 of the Complaint, and specifically denies that Plaintiff is entitled to any relief requested in the Complaint.

## THIRD CLAIM FOR RELIEF

### *Declaratory Relief Under 28 U.S.C. § 2201*

65. Paragraph 65 is a general incorporation paragraph to which no response is required. To the extent a response is required, CAI incorporates its admissions, denials, and affirmative defenses herein.

66. Paragraph 66 consists of legal arguments, to which no response is required. To the

extent any response is required, CAI denies the allegations.

67. The allegations in Paragraph 67 of the Complaint are directed at Defendant, and, therefore, no answer or other response from CAI is necessary or appropriate. To the extent the Court deems otherwise, CAI is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 67 directed at Defendant and, therefore, denies the same.

68. The allegations in Paragraph 68 of the Complaint are directed at Defendant, and, therefore, no answer or other response from CAI is necessary or appropriate. To the extent the Court deems otherwise, CAI is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 68 directed at Defendant and, therefore, denies the same.

69. The allegations in Paragraph 69 of the Complaint are directed at Defendant, and, therefore, no answer or other response from CAI is necessary or appropriate. To the extent the Court deems otherwise, CAI is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 69 directed at Defendant and, therefore, denies the same.

70. Paragraph 70 consists of legal arguments, to which no response is required. To the extent any response is required, CAI denies the allegations.

71. Paragraph 71 and its subparts (a) – (d) consists of legal arguments, to which no response is required. To the extent any response is required, CAI denies the allegations.

### FOURTH CLAIM FOR RELIEF

*Injunctive Relief*

72. Paragraph 72 is a general incorporation paragraph to which no response is required. To the extent a response is required, CAI incorporates its admissions, denials, and affirmative defenses herein.

73. Paragraph 73 consists of legal arguments, to which no response is required. To the extent any response is required, CAI denies the allegations.

74. CAI denies the allegations in Paragraph 74.

1	75.	Paragraph 75 consists of legal arguments, to which no response is required. To the extent any response is required, CAI denies the allegations.

2	76.	CAI denies the allegations in Paragraph 76.

3	77.	Paragraph 77 consists of legal arguments, to which no response is required. To the extent any response is required, CAI denies the allegations.

4	78.	Paragraph 78 consists of legal arguments, to which no response is required. To the extent any response is required, CAI denies the allegations.

5	79.	Paragraph 79 consists of legal arguments, to which no response is required. To the extent any response is required, CAI denies the allegations.

6	80.	The allegations in Paragraph 80 call for a legal conclusion to which no response is required. To the extent that the Court deems otherwise, CAI denies the allegations in Paragraph 80 of the Complaint, and specifically denies that Plaintiff is entitled to any relief requested in the Complaint.

## GENERAL DENIAL

CAI denies each and every allegation of Plaintiff's Complaint that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

CAI has not yet had a reasonable opportunity to complete discovery, and facts herein may be discovered which may substantiate other affirmative defenses not listed below. By this Answer to the Complaint, CAI waives no affirmative defenses and reserves its right to amend its Answer to insert any subsequently discovered affirmative defenses.

1.	Plaintiff's claims are barred, in whole or in part, for failure to state a claim.

2.	Plaintiff's claims are barred, in whole or in part, because CAI has not caused Plaintiff any injuries or damage, and any injuries or damage Plaintiff has sustained is the result of the actions of third parties over whose actions CAI maintains no control.

3.	Plaintiff's alleged injuries and damages, if any, were proximately caused by an intervening or superseding set of causes and/or events over which CAI had no control.

One East Liberty Street, Suite 300
Reno, Nevada 89501
LEWIS ROCA

4.	Plaintiff's claims are barred, in whole or in part, by the doctrines of comparative fault, contributory negligence, and/or assumption of the risk.

5.	Plaintiff's claims may be barred, in whole or in part, due to Plaintiff's failure to mitigate its damages, if any, as required by law.

6.	CAI reserves the right to assert additional defenses and/or counterclaims that become known to it through further investigation, discovery, or otherwise and reserves the right to amend this Answer to assert additional defenses, counterclaims, and/or crossclaims.

WHEREFORE, CAI requests that this Court dismiss Plaintiff's Complaint with respect to CAI with prejudice, that judgment be entered in favor of CAI and against Plaintiff, and that CAI be awarded its costs, expenses, and other such relief as this Court deems just and proper.

## CAI'S COUNTERCLAIMS AGAINST COUNTERDEFENDANT

Counterclaimant CAI Reno Hotel Partners LLC ("CAI") hereby asserts the following claims against Plaintiff/Counterdefendant Mary Speth, as trustee of the Theresa Frisch Trust.

### Parties, Jurisdiction and Venue

1.	Counterclaimant CAI is a Nevada Limited Liability Company doing business at 9325 West Sahara Avenue Las Vegas, Nevada 89117. CAI owns the properties located at 260 Island Avenue (APN 011-112-02), 0 Island Avenue (APN 011-112-03), 223 Court Street (APN 011-112-06), 0 Court Street (APN 011-112-07), and 219 Court Street (APN 011-112-12) (collectively, the "CAI Property").

2.	Counterdefendant Mary Speth is the trustee of the Theresa Frisch Trust, organized under the laws of the State of Nevada. The Theresa Frisch Trust owns the property located at 247 Court Street, Reno, Nevada (APN 011-112-11) ("Counterdefendant's Property").

3.	This Court has supplemental jurisdiction over these counterclaims arising under state law in accordance with the Court's pendent jurisdiction pursuant to 28 U.S.C. § 1367 because CAI's claims are part of the same case or controversy and arise from a common nucleus of operative fact as Plaintiff's federal claims.

4. This Court has personal jurisdiction over Counterdefendant because Counterdefendant resides and does business within this District, and because it has submitted itself to the personal jurisdiction of this Court by commencing this action.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events or omissions giving rise to the adverse claims against Counterdefendant occurred in Nevada, and Counterdefendant filed its Complaint in this District and thus has consented to venue in this Court.

6. Venue is also proper in the Court pursuant to 28 U.S.C. § 1391 because CAI resides in Nevada.

## General Allegations

7. CAI owns the CAI Property, which CAI intends to develop into a Kimpton Hotel ("Kimpton") pursuant to an agreement with IHG Hotels & Resorts ("IHG").

8. Counterdefendant represents the Theresa Frisch Trust, which owns the Counterdefendant's Property with a house called the "Frisch House."

9. There is a 70-year-old main sewer line that runs from Arlington Avenue through Counterdefendant's Property to the CAI Property.

10. This main sewer line connects to lateral sewer lines running to the house on Counterdefendant's Property.

11. Sewage from Counterdefendant's Property then runs downstream (west to east) to the CAI Property.

12. Counterdefendant's sewage is the only sewage upstream from the CAI Property that still runs through the old clay sewer line.

13. In August 2022, CAI retained an inspector to evaluate the main sewage line and lateral lines that run from Arlington Avenue through Counterdefendant's Property to the CAI Property.

14. The inspection showed that the old sewer line is deteriorating and leaking sewage from Counterdefendant's Property into the CAI Property.

15. The senior project manager for CAI's contractor, Ross Penney, also inspected the clay sewer line through a manhole on the CAI Property and could visibly see the sewer line is cracked and leaking.

16. When Counterdefendant's sewage flows from Counterdefendant's Property to the CAI Property, Counterdefendant's sewage seeps directly into the CAI Property because the sewer line is failing.

17. Counterdefendant's sewage poses an environmental risk to the CAI Property and the Truckee River, adjacent to the CAI Property and Counterdefendant's Property.

18. CAI initially attempted to resolve the sewer line issues with Counterdefendant at CAI's own expense and communicated to Counterdefendant and its representatives that CAI would cover the expenses related to Counterdefendant's realignment to the City of Reno's (the "City") functioning sewer system.

19. Despite agreeing to pay for the realignment, Counterdefendant unreasonably refused to disconnect from the damaged and deteriorating clay sewer line and connect to the City's functioning sewer system because Counterdefendant wants to prevent CAI from constructing the Kimpton, including a parking garage next to Counterdefendant's Property.

20. Given that the clay sewer line poses an environmental risk, the City took its own action to terminate the failing sewer line as part of its larger efforts to update the sewer system in Reno, Nevada. The City endeavored to connect Counterdefendant's Property to the City's up-to-date sewage system.

21. On May 22, 2023, the City informed Counterdefendant that Public Works was scheduled to discontinue service and abandon the failing sewer main line on September 1, 2023.

22. The City gave Counterdefendant the option to either allow the City to realign and reconnect the sewage line at the City's expenses or to hire Counterdefendant's own contractor to perform the work.

23. On July 12, 2023, the City sent a follow-up letter stating that the City was prepared to commence the work on August 1, 2023, and it would take approximately three weeks to

1  complete. While the work itself would take three weeks to complete, the switchover would take
2  less than one day.

3      24.    Counterdefendant refused the City's efforts to connect to the new system, refused
4  to abandon the rotting clay sewer line, and initiated the underlying action.

5      25.    To date, sewage is still leaking from Counterdefendant's Property into the CAI
6  Property. Plaintiff's contamination of the CAI Property has caused serious delays in the
7  construction of the Kimpton and entirely halted construction. No work can be done to start
8  construction of the Kimpton until the sewage that is leaking into the CAI Property has been
9  resolved.

10      26.    Each month that Counterdefendant's sewage is polluting the CAI Property, CAI is
11  forced to pay $150,000.00 for its loan on the CAI Property without being able to move forward
12  with the development or construction. CAI is also unable to raise capital for construction from
13  investors while the project is halted.

14      27.    Due to Counterdefendant's actions delaying the Kimpton development, CAI risks
15  losing the ability to build the Kimpton because the agreement with IHG requires the Kimpton to be
16  built within a certain amount of time. If IHG terminates the contractual agreement for the
17  construction of the Kimpton, the CAI Property will lose a significant amount of its value and CAI
18  will incur millions of dollars in damages.

### FIRST CLAIM FOR RELIEF

### (Trespass)

21      28.    CAI re-alleges the allegations of the proceeding paragraphs as if fully set herein.

22      29.    Counterdefendant's sewage runs downstream from Counterdefendant's Property to
23  the CAI Property.

24      30.    Counterdefendant's sewage leaks out of the failing sewer line and into the CAI
25  Property with CAI's permission.

26      31.    Counterdefendant's sewage physically invades the CAI Property, and will continue
27  to physically invade the CAI Property until Plaintiff's access to the sewer system is realigned from
28  the clay sewer line to the City's functioning sewage system.

32. As a direct, proximate, and foreseeable result of Counterdefendant's actions and invasions, CAI has and will suffer damages. This includes without limitation actual and consequential damages in an amount to be proven at trial.

### SECOND CLAIM FOR RELIEF

### (Nuisance)

33. CAI re-alleges the allegations of the proceeding paragraphs as if fully set herein.

34. Counterdefendant's sewage has unlawfully leaked into the CAI Property.

35. Counterdefendant's sewage invades the CAI Property, and will continue to invade the CAI Property until Counterdefendant's access to the sewer system is realigned from the clay sewer line to the City's functioning sewage system.

36. Counterdefendant's actions, conduct, and interference with CAI's use of the CAI Property obstructs CAI from the free use of its property and interferes with CAI's enjoyment of its property.

37. As a direct, proximate, and foreseeable result of Counterdefendant's actions, CAI has and will suffer damages. This includes without limitation actual and consequential damages in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF

### (Negligence)

38. CAI re-alleges the allegations of the proceeding paragraphs as if fully set herein.

39. Counterdefendant has a duty to maintain and ensure that their actions do not damage the CAI Property or interfere with the CAI's free use and enjoyment of its property.

40. Counterdefendant breached this duty by failing to dispose of its sewage in a sanitary manner and, instead, allowing its sewage to leak into the CAI Property.

41. Counterdefendant also breached this duty by failing to agree to the City's repair of the damaged and leaking sewer line beneath Counterdefendant's Property.

42. As a result of Counterdefendant's actions and breaches of duty, CAI has incurred damages including expenses incurred in good faith to assess, alleviate, and mitigate damages to their property, property damage, and interference with the free use and enjoyment of its property.

## FOURTH CLAIM FOR RELIEF

### (Interference with Economic Advantage)

43. CAI re-alleges the allegations of the proceeding paragraphs as if fully set herein.

44. CAI and IHG have entered into a valid contractual agreement for the development and construction of the Kimpton on the CAI Property.

45. At the time CAI adopted and began development plans for the Kimpton, Counterdefendant knew that CAI is in the business of real estate development, and knew that CAI had an agreement with the Kimpton, through its owner IHG, to construct the Kimpton on the CAI Property.

46. Counterdefendant committed acts intended or designed to harm and disrupt CAI's prospective economic advantage arising from the development of the Kimpton.

47. Counterdefendant has intentionally disrupted the development of the Kimpton by preventing the replacement of the sewage line underneath its property to thwart CAI from obtaining the necessary permits from the City for its construction of the Kimpton.

48. Counterdefendant's actions have disrupted or are intended to disrupt CAI's development and construction of the Kimpton in accordance with CAI's contract with IHG.

49. Counterdefendant's has no legal right, privilege or justification for its conduct.

50. Upon information and belief, due to Counterdefendant's actions delaying the Kimpton development, CAI risks losing the ability to build the Kimpton because the agreement with IHG requires the Kimpton to be built within a certain amount of time.

51. As a direct and proximate result of Counterdefendant's intentional interference with CAI's prospective economic advantage, CAI has suffered, and will continue to suffer, monetary damages and irreparable injury.

WHEREFORE, CAI respectfully requests the following relief:

1. Judgment in its favor and against Counterdefendant for trespass, nuisance, negligence, tortious interference with contractual relations, and intentional interference with economic advantage;

2. An award of attorneys' fees, costs, and expenses that CAI has incurred and will incur

1  in this action; and

2      3.    Any additional relief that the Court deems just and proper.

3      DATED this 10th day of October, 2023.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/ Darren J. Lemieux*
    Darren J. Lemieux, Bar No. 9615
    Lucy C. Crow, Bar No. 13757
    One East Liberty Street, Ste 300
    Reno, Nevada 89501
    Tel.: 303.623.9000
    Fax: 303.623.9222
    dlemieux@lewisroca.com
    lcrow@lewisroca.com

*Attorneys for Intervenor*

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I certify that I am an employee of Lewis Roca Rothgerber Christie LLP, and that on the 10th day of October, 2023, I caused the foregoing **RENO HOTEL PARTNERS LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS AGAINST PLAINTIFF** to be served by electronically filing the foregoing with the CM/ECF electronic filing system, which will send notice of electronic filing to:

Luke Busby, Esq.
316 California Ave.
Reno, Nevada 89509
(775) 453-0112
luke@lukeandrewbusbyltd.com

*Attorney for the Plaintiff*

Mark Hughs, Esq.
Reno City Attorney's Office
P.O. Box 1900
Reno, NV 89505
(775) 334-2050
hughsm@reno.gov

*Attorney for Defendant*

                                                 */s/ Dawn Hayes*
                                       Employee of Lewis Roca Rothgerber Christie LLP