1  DARREN J. LEMIEUX, Nevada Bar No. 9615
   LUCY C. CROW, Nevada Bar 15203
2  LEWIS ROCA ROTHGERBER CHRISTIE LLP
   One East Liberty Street, Suite 300
3  Reno, Nevada 89501
   Tel:    775.823.2900
4  Fax:    775.823.2929
   Email: DLemieux@lewisroca.com
5          LCrow@lewisroca.com

6  *Attorneys for Intervenor/Counterdefendant*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| MARY SPETH, as trustee of the THERESA FRISCH TRUST,<br><br>Plaintiff<br><br>v.<br><br>CAI RENO HOTEL PARTNERS LLC<br><br>Intervenor Defendant | Case No.: 3:23-cv-396<br><br>**CAI RENO HOTEL PARTNERS LLC'S RESPONSE IN OPPOSITION TO COUNTERDEFENDANT'S MOTION TO DISMISS [ECF NO. 45]** |
| CAI RENO HOTEL PARTNERS LLC<br>Counter Complainant,<br><br>v.<br><br>MARY SPETH, as trustee of the THERESA FRISCH TRUST,<br><br>Counter Defendants. | |

123169944.3

Intervenor/Counterclaimant CAI Reno Hotel Partners, LLC ("CAI") respectfully submits this memorandum in opposition to Counterdefendant Mary Speth's ("Speth") Motion to Dismiss CAI's Counterclaims (the "Motion") [ECF No. 45], pursuant to LR 7-2 and Federal Rule of Civil Procedure 12(b)(6). This Opposition is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

CAI's counterclaims arise from Speth dumping its sewage into CAI's property abutting the Truckee River in Reno, Nevada, and Speth's unreasonable refusal to stop using a 70-year-old rotting clay pipe. As a result of Speth's negligent and intentional actions, CAI has incurred millions of dollars of damages due to the delay of CAI's development project.

Ignoring well-established law and the allegations in the Counterclaim, Speth moves to dismiss all four counterclaims for trespass, nuisance, negligence, and interference with economic advantage. Speth seeks to escape liability for its actions by arguing Speth is not responsible for the disposal of its own sewage, Speth had no duty to maintain the sewer line (which is not even the duty alleged in the negligence counterclaim), and Speth's interference with CAI's business was privileged and justified. Each of these Rule 12(b)(6) attacks quickly fail upon a review of the allegations in the Counterclaim, which clearly and thoroughly explain why Speth is liable for contaminating CAI's property and the damages flowing from that contamination. Speth cannot avoid liability by ignoring the standard under Rule 12(b)(6) and the allegations in the Counterclaim, or by raising purported facts outside the pleading.

And although Speth concedes that this Court may exercise discretion to retain CAI's state court claims in federal court, Speth still asks this Court to dismiss this action for lack of jurisdiction. Speth's request should be denied because the interests of economy, convenience, fairness, and comity weigh in favor of this Court exercising supplemental jurisdiction. Therefore, CAI respectfully requests that this Court deny Speth's Motion.

### II. RELEVANT FACTUAL BACKGROUND

Because the Court is required to accept the factual allegations in the Counterclaim (ECF

No. 28 at 10-16) as true (*see infra* § IV), CAI incorporates its allegations into this Opposition as if fully set forth herein. To briefly summarize, CAI owns five properties in downtown Reno, Nevada, along the Truckee River (collectively, the "CAI Property"). ECF No. 28 at 10 ¶ 1. CAI plans to develop the CAI Property into a site for a brand-new Kimpton Hotel ("Kimpton") pursuant to an agreement with IHG Hotels & Resorts ("IHG"). *Id.* at 11 ¶ 7. Speth is the trustee of the Theresa Frisch Trust, which owns the property bordering the CAI Property and located at 247 Court Street ("Speth Property"). *Id.* at 10 ¶ 2. There is a 70-year-old main sewer line that runs through the Speth Property to the CAI Property. *Id.* at 11 ¶ 9.

Due to Speth's repeated refusals to realign access to the sewer system for the Speth Property, Speth's sewage is dumped from the Speth Property into the CAI Property as the sewage passes through the main sewer line, which is cracked and deteriorating. *Id.* at 11-13 ¶¶ 12-25. Despite CAI and the City agreeing to pay to fix the failing sewer line for Speth's benefit, Speth unreasonably refused to disconnect from the failing sewer line because Speth seeks to prevent CAI from constructing the Kimpton, including a parking garage next to the Speth Property. *Id.* at 12 ¶ 19. Speth's refusal and contamination of the CAI Property has caused serious delays in the construction of the Kimpton and entirely halted construction, resulting in untold damages to CAI. *Id.* at 13 ¶¶ 25-27.

### III.   RELEVANT PROCEDURAL BACKGROUND

Speth initiated this action against the City, raising federal and state law claims, and without naming CAI as a party. *See* ECF No. 1. CAI sought to intervene in this action to defend its property rights and bring the Counterclaim; this Court granted CAI's request to intervene over Speth's objection. *See* ECF Nos. 12 & 26. Speth and the City subsequently settled Speth's claims against the City and those claims were dismissed. *See* ECF No. 44.

### IV.   LEGAL STANDARD UNDER RULE 12(B)(6)

The fundamental tenet of Rule 12(b)(6) is that a plaintiff need allege only "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). Thus, in resolving attacks to the sufficiency of the Counterclaim's allegations under this Rule, all the "material allegations of the complaint are accepted as true, as well as all reasonable

inferences to be drawn from them." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Indeed, "once a claim for relief has been stated, a plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Twombly*, 550 U.S. at 563 (internal quotation marks and citation omitted). "[S]o long as the plaintiff alleges facts to support a theory that is not facially implausible, the court's skepticism is best reserved for later stages of the proceedings when the plaintiff's case can be rejected on evidentiary grounds." *Balderas v. Countrywide Bank, N.A.*, 664 F.3d 787, 791 (9th Cir. 2011).

Relatedly, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 requires only that the plaintiff offer "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

## V. SPETH'S MOTION TO DISMISS SHOULD BE DENIED

Each of Speth's attacks on the Counterclaim fail because: (A) Speth is responsible for its own trespass, *i.e.*, leaking sewage, (B) Speth cannot deflect blame onto the City for Speth being a nuisance and interfering with CAI's use and enjoyment of its property, (C) as properly alleged, Speth had a duty not to damage the CAI Property, and (D) CAI pled Speth had knowledge of CAI's relationship with IHG, and those allegations cannot be disregarded simply because Speth states otherwise. Speth's Rule 12(b)(6) arguments—in which Speth ignores the legal standard and allegations in the Counterclaim—should be rejected, and the Motion denied.

### A. Claim No. 1: Trespass

The parties agree that a claim for trespass only requires an unjustified invasion of a real property right. *See* ECF No. 45 at 5; *Lied v. Clark Cty.*, 94 Nev. 275, 279, 579 P.2d 171, 173-74 (1978); *Moonin v. Nev. Dep't Public Safety*, 960 F.Supp.2d 1130, 1145 (D. Nev. 2013). Despite that Speth allowed—and refused to stop its sewage—from seeping into the CAI Property, Speth attempts to evade CAI's trespass claim by deflecting blame from itself onto the City for Speth's contamination of the CAI Property. ECF No. 45 at 5. Specifically, CAI argues there was no

1  "invasion" because Speth's sewage became the City's responsibility when it entered the main sewer line. *Id.*

2  Speth does not provide *any* legal support for its bald assertion that the City is to blame, despite Speth concluding that this argument prevails "as a matter of law." *See id.* Even if Speth had support for its argument (it does not), the argument ignores the allegations in the Counterclaim. At this stage, the Court is required to accept as true CAI's allegations that Speth's sewage is physically invading the CAI Property by being dumped into the CAI Property. *See* ECF No. 28 at 11 ¶¶ 14-18. There are no facts in the Counterclaim supporting Speth's argument to the contrary. Therefore, Speth's argument should be rejected; it is unsupported in law and fact.

### B. Claim No. 2: Nuisance

In a similarly cursory fashion, Speth next argues the nuisance claim fails because "Plaintiff's sewage becomes the City's property once it reaches the City's sewer main." ECF No. 45 at 6. Speth then asserts that there can be no nuisance because Speth's use of the sewer line is "lawful and long pretexting."[1] *Id.* Speth's threadbare analysis falls short, overlooking the law and the allegations in the Counterclaim, which this Court must accept as true.

To sustain a claim for nuisance, the "interference with one's use and enjoyment of land must be both substantial and unreasonable." *Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 106, 294 P.3d 427, 432 (2013) (emphasis added). "Interference is substantial if normal persons living in the community would regard the [alleged nuisance] as definitively offensive, seriously annoying or intolerable." *Id.* To be clear, there is no requirement that the offensive, annoying, or intolerable action be physical "property;" it may even be a sound, smell, or sight. *See id.*; *see also e.g.*, *Bartleson v. United States*, 96 F.3d 1270, 1275 (9th Cir. 1996) (stating a nuisance can be "caused by noise, vibration or foul odor" (internal quotation marks and citation omitted)).

CAI has sufficiently plead its nuisance claim (and will ultimately succeed on the merits) because Speth's refusal to stop dumping its sewage through the CAI Property is an offensive, annoying, and intolerable action. *See* ECF No. 28 at 12 ¶ 16 ("When [Speth's] sewage flows from [Speth's] Property to the CAI Property, [Speth's] sewage seeps directly into the CAI Property

---

[1] CAI believes Speth made a typographical error and "pretexting" should be "preexisting."

1  because the sewer line is failing."); *id.* at 12 ¶ 17 ("[Speth's] sewage poses an environmental risk
2  to the CAI Property and the Truckee River, adjacent to the CAI Property and [Speth's] Property.");
3  *see also id.* at 14 ¶ 36 ("[Speth's] actions, conduct, and interference with CAI's use of the CAI
4  Property obstructs CAI from the free use of its property and interferes with CAI's enjoyment of its
5  property."). Speth does not deny that the leaking sewage is, itself, offensive, annoying, and
6  intolerable. *See* ECF No. 45 at 6. And to be sure, there is nothing in the Counterclaim to support
7  Speth's assertions that its use of the sewer line is "lawful and long pre[exist]ing." *Id.* Thus, even if
8  Speth's argument was relevant, it is outside the Counterclaim and should be disregarded at this
9  stage. CAI properly pled its nuisance claim and it cannot be dismissed.

          **C.**     **Claim No. 3: Negligence**

11  A claim for negligence "requires that the plaintiff satisfy four elements: (1) an existing duty
12  of care, (2) breach, (3) legal causation, and (4) damages." *Turner v. Mandalay Sports Entm't, LLC*,
13  124 Nev. 213, 217, 180 P.3d 1172, 1175 (2008); *see also Sanchez ex rel. Sanchez v. Wal-Mart
14  Stores, Inc.*, 125 Nev. 818, 824, 221 P.3d 1276, 1280 (2009).

15  Only the first element is challenged by Speth. *See* ECF No. 45 at 6. Speth seeks to dismiss
16  the negligence claim on the basis that it owed no duty to "maintain the sewer main," and, therefore,
17  blame lies with the City for the poor condition of the sewer line. *See* ECF No. 45 at 6. Once again,
18  Speth's hasty analysis fails on the law and facts. ECF No. 28 at 14 ¶ 39. Speth utterly ignores this
19  allegation and creates (then attempts to dismiss) an entirely different duty: a duty to "maintain" the
20  sewer line. ECF No. 45 at 6. This is not what CAI alleges. CAI alleges that Speth failed to fulfill
21  its duty not to damage the CAI Property or interfere with CAI's use of it. *See* ECF No. 28 at 14
22  ¶ 39. CAI alleges that Speth breached this duty by unreasonably refusing to permit CAI or the City
23  to pay for Speth's realignment and, thus, by failing to dispose of the sewage in a sanitary manner
24  that did not harm CAI. *See id.* ¶¶ 39-41. Speth does not advance any arguments explaining why it
25  does not owe the actual duty alleged. *See* ECF No. 45 at 6. Speth's arguments, which are based on
26  a non-existent allegation, are grossly misplaced.

          **D.**     **Claim No. 4: Interference with Economic Advantage**

28  There are five elements of a claim for intentional interference with economic advantage: (1)

1  the existence of a prospective contractual relationship between the plaintiff and a third party; (2)
2  knowledge by the defendant of that prospective relationship; (3) an intent to harm the plaintiff by
3  preventing or interfering with the prospective contractual relationship; (4) the absence of privilege
4  or justification by the defendant; and (5) actual harm to the plaintiff as a result of the defendant's
5  conduct. *See Leavitt v. Leisure Sports Inc.*, 743 P.2d 1221, 1225 (Nev. 1987). Speth concedes that
6  CAI satisfactorily plead the first and fifth elements, only challenging the second, third, and fourth
7  elements.

8  For the second and third elements, Speth again ignores the Counterclaim to argue CAI did
9  not allege that Speth had knowledge of the relationship with IHG to build the Kimpton and did not
10 allege Speth had an intent to harm that relationship. *See* ECF No. 45 at 7. CAI alleged: "At the time
11 CAI adopted and began development plans for the Kimpton, <u>[Speth] knew that CAI is in the
12 business of real estate development, and knew that CAI had an agreement with the Kimpton</u>,
13 through its owner IHG, to construct the Kimpton on the CAI Property" and "[Speth] committed
14 acts intended or designed to harm and disrupt CAI's prospective economic advantage arising from
15 the development of the Kimpton." ECF No. 28 at 15 ¶¶ 45-46 (emphasis added); *see also id.* at 13
16 ¶¶ 25-27. These allegations plainly support the second and third elements. Speth's representation
17 that these allegations were not made is false.

18 For the fourth element, Speth asserts its actions were "privileged and justified" because
19 "[neither] CAI nor the City had the right to force Plaintiff to permit physical invasion of his property
20 sans some lawful process." ECF No. 45 at 6-7. Although unclear from its short analysis, Speth is
21 presumably asserting that its actions were justified under its theory that the City was "taking"
22 Speth's property. *See id.*; *see also* ECF No. 1. Not only is Speth wrong, but this defense does not
23 provide a basis to dismiss the counterclaim. It is well-established that an affirmative defense is not
24 a basis to dismiss a claim unless the pleading itself establishes each and every element of the
25 defense. *See, e.g.*, *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th
26 Cir. 2010) (holding facts for affirmative defense must be clear from the complaint); *see also Dyer
27 v. T Quartercircle Ranch*, No. 3:14-CV-00208-LRH-VP, 2014 WL 5341983, at *2 (D. Nev. Oct.
28 17, 2014) ("In a motion to dismiss, a court may only dismiss a complaint on the basis of an

affirmative defense if the facts of the defense are established on the face of the complaint."). That is not the case here. *See generally* ECF No. 28. None of the allegations in the Counterclaim support Speth's defense (and Speth does not point to any allegations that do). *See id.*; ECF No. 45 at 6-7. To the contrary, CAI specifically alleged that Speth "has no legal right, privilege or justification for its conduct." *See* ECF No. 28 at 15 ¶ 49.

Speth's challenges to the sufficiency of CAI's counterclaims fail on their face. CAI properly pled its counterclaims for trespass, nuisance, negligence, and interference with economic advantage. This is especially true considering that the Court is required to accept all allegations in the Counterclaim as true, and CAI is required to provide only a plain and short statement of its counterclaims. *See supra* § IV. In the unlikely event this Court finds any of CAI's allegations do not meet this standard, CAI respectfully requests leave to amend. *See, e.g.*, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 926 (9th Cir. 2012) ("We have adopted a generous standard for granting leave to amend from a dismissal for failure to state a claim, such that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (internal quotation marks and citations omitted)).

## VI. THIS COURT HAS JURISDICTION OVER THE COUNTERCLAIMS

Knowing its challenge to the sufficiency of the Counterclaim will fail, Speth asks this Court to dismiss this entire action for lack of jurisdiction. ECF No. 45 at 7-8. Speth concedes that this Court has discretion to exercise supplemental jurisdiction over the Counterclaim and, therefore, it is undisputed that the Counterclaim may proceed in this court. *See, e.g.*, *Fang v. United States*, 140 F.3d 1238, 1244 (9th Cir. 1998) ("The decision to exercise supplemental jurisdiction is within the discretion of the district court and that court must be given an opportunity to make that decision."); *see also* ECF No. 45 at 8 (Speth conceding "[s]upplemental jurisdiction is discretionary"). But, Speth advocates for the wrong legal standard, asserting that courts should maintain jurisdiction only where a case is on the "brink of trial." ECF No. 45 at 7-9. Under the correct standard, federal courts consider the "economy, convenience, fairness, and comity" of exercising supplemental jurisdiction, not simply whether a case is on the "brink of trial." *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999,

1001 (9th Cir. 1997). The *Acri* court made it clear that the retention of supplemental jurisdiction is discretionary and warranted where the court has sufficient familiarity with the case, and the interests of judicial economy, comity, and fairness to counsel are present. *See id.*

These four interests weigh in favor of exercising supplemental jurisdiction because this Court is already knowledgeable about this dispute, this Court has set a discovery schedule, and the parties have started discovery. *See* ECF Nos. 30 & 38. Moreover, dismissal of this action would result in significant delays and expenses to the parties. CAI will be forced to bring this action anew in state court, re-file its Counterclaim, defend against another meritless motion to dismiss challenging those claims, and wait for an order on the motion to dismiss—all before starting discovery in state court. Therefore, the interests of economy, convenience, fairness, and comity weigh in favor of this action remaining in federal court.

## VII. CONCLUSION

For the foregoing reasons, Speth's Motion to Dismiss should be denied in its entirety.

DATED this 12th day of December, 2023.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/ Darren J. Lemieux*
Darren J. Lemieux, Bar No. 9615
Lucy C. Crow, Bar No. 13757
One East Liberty Street, Ste 300
Reno, Nevada 89501
Tel.: 303.623.9000
Fax: 303.623.9222
dlemieux@lewisroca.com
lcrow@lewisroca.com

*Attorneys for Applicant-Intervenor*

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I certify that I am an employee of Lewis Roca Rothgerber Christie LLP, and that on the 12th day of December, 2023, I caused the foregoing **CAI RENO HOTEL PARTNERS LLC'S RESPONSE IN OPPOSITION TO COUNTERDEFENDANT'S MOTION TO DISMISS** to be served by electronically filing the foregoing with the CM/ECF electronic filing system, which will send notice of electronic filing to:

Luke Busby, Esq.
Nevada Bar No. 10319
316 California Ave.
Reno, Nevada 89509
(775) 453-0112
luke@lukeandrewbusbyltd.com

*Attorney for the Plaintiff*

              /s/  Dawn Hayes
              Employee of Lewis Roca Rothgerber Christie LLP