Luke Busby, Esq.
Nevada Bar No. 10319
316 California Ave. #82
Reno, Nevada 89509
(775) 453-0112
(775) 403-2192 (Fax)
luke@lukeandrewbusbyltd.com
*Attorney for Trustee Mary Speth*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

MARY SPETH, as trustee of the THERESA FRISCH TRUST;

    Plaintiff-Counterdefendant,

vs.

THE CITY OF RENO, a political subdivision of the State of Nevada.

    Defendant,

CAI RENO HOTEL PARTNERS LLC,

    Intervenor-Counterclaimant.

_____/

Case No. 3:23-cv-00396-MMD-CSD

**MARY SPETH'S REPLY TO OPPOSITION TO MOTION TO DISMISS CAI RENO HOTEL PARTNERS LLC'S COUNTERCLAIMS**

COMES NOW, Plaintiff-Counterdefendant MARY SPETH, as trustee of the THERESA FRISCH TRUST (hereinafter "Plaintiff") by and through the undersigned counsel, and hereby files the following Reply to the Opposition to Motion to Dismiss the Counterclaims filed by Intervenor-Counterclaimant CAI HOTEL PARTNERS, LLC ("CAI").

///

///

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. CAI's claims fail as a matter of law given the undisputed facts.

### a. Negligence, Trespass, and Nuisance

CAI's trespass, nuisance, and negligence claims fail because CAI does not contest that the sewage from Speth's property enters the City of Reno's sewer system before it enters CAI's property.   CAI argues that the Court is required to accept as true CAI's allegation that the Speth's sewage is physically invading CAI's property.  The problem is, even if sewage form the Speth's property enters the City's sewer system and then CAI's property, the law provides that the Speth's are not responsible for that sewage once it enters the City's Publicly Owned Treatment Works ("POTW").  12(b)(6) dismissal "may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys.*, LP, 534 F.3d 1116, 1121 (9th Cir. 2008) (citing *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)). Here, even if what CAI alleges is true, those facts are insufficient to make its claim.

CAI never addresses Speth's argument in the Motion to Dismiss that, as a matter of law, the City owns the sewer main that crosses CAI's property, which CAI alleges is leaking, and the City is responsible for managing and treating the collected wastewater from all properties connected to its POTW under the Clean Water Act ("CWA"), 33 U.S.C. § 1251 et seq.  CAI never rebuts Speth's claim that the responsibility for ensuring the treatment and proper discharge of sewage under the CWA falls upon the POTW once the sewage enters its system under the National Pollutant Discharge Elimination System ("NPDES"), in which the City is a participant.  See 33 U.S.C § 1342 and Section 12.16.850 of the City's code.  The fact that any sewage from the Speth's property becomes the City's property before it enters CAI's property is fatal its trespass, nuisance, and negligence claims. CAI's claims against the Speth for trespass, nuisance, and negligence, are flawed because CAI is attempting to blame Speth for sewage-related issues that are the

responsibility of the City **as a matter of law**. In other words, CAI's claims do not hold water (or sewage) because Speth relinquished control over the sewage, making it the City's responsibility. CAI does not contest that the City has the legal obligation to manage sewage treatment and discharge under both federal and local regulations. As such, the Court should dismiss these claims on those grounds.

### b. Intentional Interference with Economic Advantage

As for CAI's arguments regarding its allegations of intentional interference with economic advantage by Speth, its allegations that Speth was aware that CAI specializes in real estate development and that Speth knew about CAI's agreement with the owner of the Kimpton, IHG (InterContinental Hotels Group), to construct the Kimpton hotel on property owned by CAI, that Speth deliberately took actions that were intended or designed to harm and interfere with CAI's prospective economic benefits are conclusory and without any specific factual support describing CAI's claim that Speth had this knowledge.  A court is not required to accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences, which is all that CAI provided in its Counterclaims.  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  CAI has only provided recitations of the elements of its claim that Speth had any knowledge of any contractual relationship CAI had/has, and not facts to demonstrate that the Plaintiff was aware of any such economic relationships and that he intentionally interfered with as much.

CAI also argues that Speth's argument that his actions were privileged and justified was unclear, and "Speth is presumably asserting that its actions were justified under its theory that the City was 'taking' Speth's property."  To the contrary, Speth's argument is perfectly clear, CAI nor the City had the right to force Plaintiff to permit physical invasion of his property without following some lawful process.

Further, CAI claims that an affirmative defense is not a basis to dismiss a claim unless the pleading itself establishes each element of the defense, citing, *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir.

2010). However, "the absence of privilege or justification by the defendant" is an element of an intentional interference with economic advantage claim, **not an affirmative defense**. See *In re Amerco Derivative Litig.*, 127 Nev. 196, 226–27, 252 P.3d 681, 702–03 (2011); *Consolidated Generator-Nevada, Inc. v. Cummins Engine Co., Inc.*, 114 Nev. 1304, 1311, 971 P.2d 1251, 1255 (1998); *Wichinsky v. Mosa*, 109 Nev. 84, 847 P.2d 727 (1993); *Leavitt v. Leisure Sports Incorporation*, 103 Nev. 81, 88, 734 P.2d 1221, 1225 (1987).

CAI's Counterclaims do not allege any facts showing an absence of privilege or justification on the part of Speth, rather in paragraph 49, CAI baldly claims, "Counterdefendant's has no legal right, privilege or justification for its conduct." See ECF #28 at 15. The burden to sufficiently plead facts to support the elements of a claim lie with CAI, not Speth. A "short and plain statement of the claim" requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**II.   The 9th Circuit's caselaw clearly provides that this Court should decline to exercise supplemental jurisdiction when all federal claims have been dismissed before trial.**

CAI cites See *Acri v. Varian Assocs., Inc.,* 114 F.3d 999, 1001 (9th Cir. 1997). In support of its argument that, "the retention of supplemental jurisdiction is discretionary and warranted where the court has sufficient familiarity with the case, and the interests of judicial economy, comity, and fairness to counsel are present." In *Acri v. Varian Assocs., Inc,* a district court granted summary judgment on supplemental state law claims as well as a federal age discrimination claim. Acri appealed only the dismissal of his state law claims, and no party raised the issue of whether supplemental jurisdiction over the state law claims should be declined pursuant to 28 U.S.C. § 1367(c). *Id.* at 999. The 9th Circuit heard the *Acri* case en banc to "…consider the extent to which a federal court is obliged to make a § 1367(c) analysis when no one has asked it to do so." *Id.* at 1000. Nothing in *Acri*

contradicts or undermined the well-established law cited in the Motion that a federal court should decline to exercise jurisdiction over state-law claims when federal claims have been dismissed before trial and the interests promoted by supplemental jurisdiction are no longer present.  See *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966), *Souch v. Howard*, 27 F. App'x 793, 795 (9th Cir. 2001), and *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985).  In addition, the *Acri* court quotes the Supreme Court's holding in *Carnegie—Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988), superseded on other grounds by statute as stated in *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010):  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.*

      As argued in the Motion, dismissal of the federal claims in this matter occurred at the outset of this case.  There is no dispute that the federal claims in this matter have been dismissed long before trial. The Plaintiff's complaint was filed in mid-August of 2023, and the matter between the City and Plaintiff was settled and dismissed in early November of 2023.  While discovery has opened, none has been conducted between CAI and Speth other than initial Rule 26 disclosures.  The Court held a hearing in this matter on Speth's Motion for Preliminary Injunction against the City, but this hearing involved the now dismissed Federal claims of Speth against the City, not CAI's counterclaims. See ECF #30.

      While the Speth's attempted to raise issued related to the adequacy of CAI's Counterclaims as a basis to oppose CAI's Motion to Intervene, the Court granted CAI's motion via a minute order and found, "Plaintiff's arguments opposing intervention go to the merits of CAI's counterclaims, not to the factors that CAI must satisfy under Rule 24(a)."  See ECF at 26.  CAI's claim that the Court is "already knowledgeable about this dispute" is inconsistent with the fact that the Court had not made any ruling on the merits of CAI's counterclaims, and it declined to do so when

the issues were raised by Speth.  Early dismissal of the federal claims alone indicates that this Court has not engaged deeply with the federal aspects of the case, which typically provide the foundation for exercising supplemental jurisdiction over related state law claims. Supplemental jurisdiction should only be exercised when the court has already developed an understanding of the intertwined federal issues, thereby equipping it to efficiently handle state law claims.

The principle of judicial economy also tilts towards dismissal.  Here, retaining supplemental jurisdiction would not serve this principle, as this Court would need to invest additional time and resources to understand and adjudicate state law claims. Despite CAI's protests, refiling this matter in state court will not cause any meaningful delay, as this case is less than six months old.

CAI's Response does not address Speth's argument that CAI's remaining claims should be dismissed because CAI raises novel questions of state law, i.e. whether a customer of a utility may be liable to a neighbor for the alleged poor condition of the utility's infrastructure under any theory.  under 28 U.S.C. § 1367(c)(1), the Court "may decline to exercise supplemental jurisdiction over a [related state claim] if . . . the claim raises a novel or complex issue of State law." Retaining supplemental jurisdiction in a case where the court lacks sufficient familiarity can lead to inefficiencies and potentially unfair outcomes. Counsel for both parties would be better served if the case were heard in a state court, which is inherently more familiar with its own state's laws.  When a federal court presides over state law claims, it does so with the understanding that its jurisdiction is **supplemental** and not original, and that it is in the domain traditionally reserved for state courts. Where federal claims have been dismissed early, it is appropriate for the state court to address the remaining state law issues.

When federal claims are dismissed at the outset of a lawsuit, all relevant factors – court familiarity, judicial economy, comity, fairness, discovery process, and legal consistency – align in favor of declining to exercise supplemental jurisdiction,

as the 9th Circuit has consistently held. This approach respects the distinct roles and expertise of federal and state courts and ensures that cases are handled in the most appropriate and efficient judicial forum.  The interests of judicial economy, comity, and fairness, as well as the Court's limited engagement and familiarity with the case, all support dismissal of CAI's claims by this Court.

      WHEREFORE, Plaintiff moves that the Court dismiss this matter based on Fed. R. Civ. P. 12(b)(6) and/or 28 U.S.C. 1367.

      SUBMITTED this Friday, December 15, 2023:

By:   /s/ Luke Busby, Esq.
Luke Busby, Esq.
Nevada Bar No. 10319
316 California Ave. #82
Reno, Nevada 89509
(775) 453-0112
(775) 403-2192 (Fax)
luke@lukeandrewbusbyltd.com
*Attorney for Mary Speth*

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing document by:

| | |
|---|---|
| _____ | personally delivering; |
| _____ | delivery via Reno/Carson Messenger Service; |
| _____ | sending via Federal Express (or other overnight delivery service); |
| _____ | depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or, |
| __x__ | delivery via electronic means (fax, eflex, NEF, etc.) to: |

KARL S. HALL  
Reno City Attorney  
MARK A. HUGHS  
Deputy City Attorney  
Nevada State Bar No. 5375  
Post Office Box 1900  
Reno, Nevada 89505  
(775) 334-2050  
*Attorneys for City of Reno*

DARREN J. LEMIEUX  
LUCY C. CROW  
LEWIS ROCA ROTHGERBER CHRISTIE LLP  
One East Liberty Street, Suite 300  
Reno, Nevada 89501  
Tel: 775.823.2900  
Fax: 775.823.2929  
Email: DLemieux@lewisroca.co  
*Attorneys for CAI*

By: _____/s/ Luke Busby, Esq._____     Dated: December 15, 2023  
LUKE A. BUSBY, ESQ.  
SBN 10319  
316 California Ave.  
Reno, NV 89509  
775-453-0112  
luke@lukeandrewbusbyltd.com  
*Attorney for Mary Speth*