UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CAI RENO HOTEL PARTNERS LLC,<br><br>   Counter Claimant,<br>v.<br><br>MARY SPETH, ON BEHALF OF THE THERESA FRISCH TRUST,<br><br>   Counter Defendant. | Case No. 3:23-cv-00396-MMD-CSD<br><br>ORDER |

**I.   SUMMARY**

Original Plaintiff and Counter Defendant Mary Speth, the trustee of the Theresa Frisch Trust, sued the City of Reno regarding a plan to decommission a portion of sewer main and allegedly force her to hook a sewer lateral from a property the trust owns and Speth manages to a different portion of the sewer main. (ECF No. 1.) The Court permitted Counter Claimant CAI Reno Hotel Partners LLC to intervene (ECF No. 26), and CAI filed several state-law counterclaims against Speth (ECF No. 28 at 10-16). Speth settled her claims against Reno and the Court granted their stipulation to dismiss them (ECF No. 44), leaving CAI's state-law counterclaims against Speth as the only claims in this case. Before the Court is Speth's motion to alternatively asking the Court to decline to exercise supplemental jurisdiction over CAI's counterclaims or dismiss them for failure to state a claim. (ECF No. 45 ("Motion").)[1] Because no federal claims remain in its case, which remains in its early stages, and as further explained below, the Court declines to exercise supplemental jurisdiction over CAI's counterclaims and will grant the Motion.

///

///

---

[1] CAI responded (ECF No. 49) and Speth replied (ECF No. 52).

## II. DISCUSSION

Speth argues in pertinent part that the Court should decline to exercise jurisdiction over CAI's counterclaims under 28 U.S.C. § 1367(c)(3) because no federal claims remain in this case, the case is still in its early stages, and considerations of judicial economy, convenience, and fairness to litigants counsel in favor of the Court declining supplemental jurisdiction over them, or alternatively under 28 U.S.C. § 1367(c)(1) because CAI's counterclaims raise novel questions of state law. (ECF No. 45 at 7-9.) CAI acknowledges in response that this decision is left to the Court's discretion but argues the Court can and should retain jurisdiction over its counterclaims because it would be burdensome to refile its counterclaims in state court, the Court is knowledgeable about the parties' claims, and the parties have already started discovery. (ECF No. 49 at 8-9.) The Court agrees with Speth.

The Court "may decline to exercise supplemental jurisdiction over" CAI's counterclaims if they raise "a novel or complex issue of State law[,]" "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction[,]" or "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(1)-(3). All three of these subsections arguably apply here, and (c)(3) indisputably applies.

To start, the only federal claim in this case (ECF No. 1 at 9, 11-12) was dismissed before Speth filed her Motion. (ECF Nos. 44, 45.) CAI only asserts state-law counterclaims against Speth. (ECF No. 28 at 10-16.) And while it is true that the parties have started discovery, this case remains in its early stages. It was filed less than a year ago (ECF No. 1), discovery does not close until the end of the year (ECF No. 59), and a trial date has not even been set yet.[2] "As a general matter, a court will decline

---

[2] The Court accordingly rejects CAI's unpersuasive contention that the Court should retain jurisdiction over its counterclaims because it will be expensive or otherwise burdensome to refile its counterclaims in state court (ECF No. 48 at 9) because the pertinent inquiry considers how close this case is to trial and whether the Court has already resolved the merits of the state law issues. *Cf. Arroyo v. Rosas*, 19 F.4th 1202, 1214 (9th Cir. 2021) ("Given the very late stage at which the district court declined

supplemental jurisdiction if the underlying claims are dismissed before trial." *Federal Practice and Procedure (Wright & Miller)*, § 3567.3 Supplemental Jurisdiction—Discretionary Exercise of Supplemental Jurisdiction Under 28 U.S.C. § 1367(c), 13D Fed. Prac. & Proc. Juris. § 3567.3 (3d ed.) (Jun. 2024 Update). This general presumption applies. The Court accordingly declines to exercise supplemental jurisdiction over CAI's counterclaims under 28 U.S.C. § 1367(c)(3). *See Parra v. PacifiCare of Arizona, Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013) ("once the district court, at an early stage of the litigation, dismissed the only claim over which it had original jurisdiction, it did not abuse its discretion in also dismissing the remaining state claims.").

Speth also persuasively points out in reply that CAI does not even address their argument that the Court should decline to exercise supplemental jurisdiction over CAI's counterclaims under 28 U.S.C. § 1367(c)(1) because the counterclaims raise a novel issue of state law. (ECF No. 52 at 6.) The fact that CAI does not respond to this argument suggests that CAI does not have a very good response to it. And Speth's unrebutted argument based on § 1367(c)(1) thus "bolster[s] the case for denying supplemental jurisdiction" because "if [as here] the underlying claims are dismissed and the supplemental claims raise difficult or important issues of state law, the interest of comity may counsel the federal court to decline supplemental jurisdiction." 13D Fed. Prac. & Proc. Juris. § 3567.3.

The Court further agrees with Speth that the primary case CAI relies upon to support its argument that the Court should retain jurisdiction over CAI's counterclaims does not really support it. (ECF No. 52 at 4-5.) In *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir.), *supplemented*, 121 F.3d 714 (9th Cir. 1997), *as amended* (Oct. 1, 1997), the United States Court of Appeals for the Ninth Circuit held that "[t]he district court may exercise supplemental jurisdiction over state law claims without *sua sponte*

---

supplemental jurisdiction in this case, these values overwhelmingly favored *retaining* jurisdiction over" the plaintiff's state law claim that the district court had effectively already decided). And here, the Court has made no rulings on the merits of CAI's counterclaims.

addressing whether it should be declined under § 1367(c)." (footnote omitted). That uncontroversial proposition does not apply because Speth asked the Court to conduct a § 1367(c) analysis. (ECF No. 45 at 7-9.) And the *Acri* court also mentioned in passing that the Court must conduct a § 1367(c) analysis when a party asks it to—as the Court is doing here. *See* 114 F.3d at 1000. Moreover, the *Acri* court repeatedly mentioned the general presumption (while clarifying it is not mandatory) that federal district courts should decline to exercise supplemental jurisdiction over state law claims where, as here, the federal claims have been dismissed before trial. *See id.* at 1000-01. As noted, the Court sees no valid reason to depart from that presumption here.

In addition, and while Speth did not raise it, § 1367(c)(2) appears to apply here as well. State law claims necessarily predominate over the claim over which the Court had original jurisdiction because the Court already dismissed that claim. *See id.* To reiterate a now-obvious point, there are no federal claims left in this case. The Court would only be adjudicating state-law claims if it chose to retain jurisdiction over CAI's counterclaims. And the Court never even really adjudicated a federal claim here, as it denied Speth's motion for a preliminary injunction primarily because she could not show irreparable injury and could be made whole by damages (ECF No. 35 at 37-42 (giving ruling denying motion for preliminary injunction)) and later granted the parties' stipulation to dismiss all Speth's claims, which included the only federal claim (ECF No. 44).

In sum, the Court declines to exercise jurisdiction over CAI's counterclaims under 28 U.S.C. § 1367(c)(1)-(3), but primarily (3). *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.'") (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988), *superseded on other grounds by statute as recognized in Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 557

(10th Cir. 2000)); *see also id.* (affirming the district court's decision to dismiss the state-law claims without prejudice).

### III. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Speth's motion to dismiss (ECF No. 45) is granted.

It is further ordered that the Court declines to exercise supplemental jurisdiction over CAI's counterclaims (ECF No. 28 at 10-16) and accordingly dismisses them without prejudice to refiling in state court.

It is further ordered that, as this order resolves the outstanding issues in this case, the Clerk of Court is directed to close it.

DATED THIS 28th Day of June 2024.

                                                MIRANDA M. DU
                                                CHIEF UNITED STATES DISTRICT JUDGE